IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00402 |
| | ) | |
| MIRPLASTIC, LLC, | ) | |
| 2734 Middlebrook Pike | ) | |
| Knoxville, TN 37921, | ) | |
| | ) | |
| MIRPLASTICS, LLC, and | ) | |
| 2734 Middlebrook Pike | ) | |
| Knoxville, TN 37921, | ) | |
| | ) | |
| OSCAR RIVERA, | ) | |
| 11736 Ridgeland Dr. | ) | |
| Knoxville, TN 37932 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR FEDERAL TAXES AND PERMANENT INJUNCTION

The United States of America, at the request of the Chief Counsel of the Internal Revenue

Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of

the United States, brings this suit to collect the federal employment, unemployment, and income

taxes assessed against Defendants Mirplastic, LLC, Mirplastics, LLC, and Oscar Rivera, and to

permanently enjoin the Defendants from continuing to incur additional liabilities for unpaid federal

employment and unemployment taxes.

### JURISDICTION AND VENUE

1.      Jurisdiction over this action is conferred upon this Court by virtue of 28 U.S.C.

§§ 1340 and 1345, and 26 U.S.C. § 7402(a).

- 1 -

2.     Venue is proper in this district under 28 U.S.C. § 1396 because the Defendants are located in this judicial district.

## PARTIES

3.     Plaintiff is the United States of America.

4.     Defendant Mirplastic, LLC, was a limited liability company organized under the laws of the State of Tennessee that conducted business within this judicial district.

5.     Defendant Mirplastics, LLC, is a limited liability company organized under the laws of the State of Tennessee that conducts business within this judicial district.

6.     Defendant Oscar Rivera resides in Knoxville, Tennessee, which is within this judicial district.

## COUNT I: REDUCE FEDERAL EMPLOYMENT TAX ASSESSMENTS AGAINST MIRPLASTIC TO JUDGMENT

7.     The United States incorporates the allegations set forth in paragraphs 1 through 6, above, as if fully set forth herein.

8.     Defendant Mirplastic, LLC, was a plastics recycler operating in Knoxville, Tennessee.   Enrique Noriega and Defendant Oscar Rivera each owned an equal membership interest in Mirplastic.

9.     A delegate of the Secretary of the Treasury made the following federal employment tax (Form 941) assessments against Defendant Mirplastic, LLC, for the periods identified below:

| Tax Period Ending | Date of Assessment | Amount of Initial Assessment | Balance as of June 18, 2018 |
|---|---|---|---|
| Mar. 31, 2012 | 8/26/2013 | $6,965 | $2,295 |
| Sept. 30, 2012 | 8/26/2013 | $7,114 | $13,173 |
| Dec. 30, 2012 | 8/26/2013 | $7,442 | $14,204 |
| Mar. 31, 2013 | 4/14/2014 | $4,133 | $7,843 |

- 2 -

| Tax Period Ending | Date of Assessment | Amount of Initial Assessment | Balance as of June 18, 2018 |
|---|---|---:|---:|
| June 30, 2013 | 4/14/2014 | $3,472 | $6,542 |
| Sept. 30, 2013 | 4/14/2014 | $3,371 | $6,308 |
| Dec. 31, 2013 | 4/14/2014 | $4,229 | $7,189 |
| | | **Total:** | **$57,554** |

10.     Notice and demand for the payment of the tax assessments described in paragraph 9, above, was given to Mirplastic.

11.     Interest and statutory additions to tax have accrued, and will continue to accrue, on the unpaid balance of the federal employment tax assessments described in paragraph 9, above.

12.     Mirplastic has failed to pay the full amounts of the assessments described in paragraph 9, above, and there remains due and owing to the United States the sum of $57,554 as of June 18, 2018, plus interest and statutory additions accruing after those dates according to law.

WHEREFORE, the United States requests:

A.     That the Court enter judgment in favor of the United States and against Defendant Mirplastic, LLC, for its delinquent employment tax liabilities for the taxable periods ending on March 31, 2012, to December 31, 2014, as set forth in paragraph 9, above, in the total of $57,554 as of June 18, 2018, together with all with all interest and statutory additions that have accrued and will continue to accrue after that date according to law.

- 3 -

## COUNT II: REDUCE FEDERAL TAX ASSESSMENTS
## AGAINST MIRPLASTICS TO JUDGMENT

13.     The United States incorporates the allegations set forth in paragraphs 1 through 12, above, as if fully set forth herein.

14.     On December 4, 2013, the IRS issued notices of intent to levy to Defendant Mirplastic, LLC.

15.     Mirplastic allegedly stopped operating shortly after receiving the notice of intent to levy.   The new entity, Defendant Mirplastics, LLC, began operating on or about January 1, 2014. Mirplastics engages in the same business as its predecessor, Mirplastics.

16.     A delegate of the Secretary of the Treasury made the following federal employment (Form 941) tax assessments against Defendant Mirplastics, LLC, for the taxable periods described below:

| Tax Period | Date of Assessment | Amount of Tax Assessments | Balance as of June 18, 2018 |
|---|---|---|---|
| Mar. 31, 2015 | 7/10/2017 | $14,566 | $21,640 |
| June 30, 2015 | 7/10/2017 | $21,317 | $24,745 |
| Sept. 30, 2015 | 7/10/2017 | $33,084 | $57,186 |
| Dec. 31, 2015 | 7/10/2017 | $14,212 | $24,198 |
| June 30, 2016 | 9/25/2017 | $13,492 | $19,396 |
| Mar. 31, 2017 | 7/31/2017 | $16,526 | $20,800 |
| Sept. 30, 2017 | 3/19/2018 | $17,985 | $22,740 |
| Dec. 31, 2017 | 4/2/2018 | $27,381 | $33,042 |
|  |  | **Total** | **$223,747** |

17.     Notice and demand for the payment of the tax assessments described in paragraph 16, above, was given to Mirplastics.

18.     Interest and statutory additions to tax have accrued, and will continue to accrue, on the unpaid balance of the federal employment tax assessments described in paragraph 16, above.

- 4 -

19.     Mirplastics has failed to pay the full amount of the assessments described in paragraph 16, above, and there remains due and owing to the United States the sum of $223,747 as of June 18, 2018, plus interest and statutory additions accruing after those dates according to law.

WHEREFORE, the United States requests:

B.     That the Court enter judgment in favor of the United States and against Mirplastics, LLC, for delinquent federal employment taxes for various tax periods ending March 31, 2015, to December 31, 2017, described more fully in paragraph 14, above, the total amount of $223,747 as of June 18, 2018, together with all interest and statutory additions that have accrued and will continue to accrue after that date according to law.

## COUNT III: DECLARE MIRPLASTICS, LLC, TO BE THE SUCCESSOR OF MIRPLASTIC, LLC

20.     The United States incorporates the allegations set forth in paragraphs 1 through 19, above, as if fully set forth herein.

21.     Mirplastics is located at the same address as Mirplastic.   It had the same ownership structure as its predecessor.

22.     Mirplastics engages in the same business as its predecessor.   According to its website, the company is a "plastic recycler with two facilities in Knoxville, Tennessee."   On its website, Mirplastics states that it "offers more than 20 years of experience in the global plastics

- 5 -

industry" even though Mirplastics was only formed in 2012.   Mirplastics continued to use the use its predecessor's bank accounts even after Mirplastic had stopped operating.

WHEREFORE, the United States requests that:

C. the Court declare that Defendant Mirplastics, LLC, is the successor in interest to Mirplastic, LLC, and thus is liable for the debts of Mirplastic, LLC, as set forth in Count I of the Complaint.

## COUNT IV: REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST OSCAR RIVERA TO JUDGMENT

23.     The United States incorporates the allegations set forth in paragraphs 1 through 22, above, as if fully set forth herein.

24.     A delegate of the Secretary of the Treasury made the following federal income tax (Form 1040) assessments against Defendant Oscar Rivera, for the tax periods identified below:

| Tax Period | Date of Assessment | Amount of Tax Assessment | Balance as of June 18, 2018 |
|------------|--------------------|--------------------------|------------------------------|
| 2011 | 7/30/2012 | $21,088 | $19,978 |
| 2012 | 9/2/2013 | $33,431 | $56,946 |
| 2013 | 11/3/2014 | $38,323 | $44,614 |
| 2014 | 11/23/2015 | $25,463 | $19,572 |
| | | **Total** | **$141,110** |

25.     Notice and demand for the payment of the tax assessments described in paragraph 24, above, was given to Rivera.

26.     Interest and statutory additions to tax have accrued, and will continue to accrue, on the unpaid balance of the federal income tax assessments described in paragraph 24, above

27.     Rivera has failed to pay the full amounts of the federal income tax assessments described in paragraph 24, above, and there remains due and owing to the United States the sum of

- 6 -

$141,110 as of June 18, 2018, plus interest and statutory additions accruing after those dates according to law.

WHEREFORE, the United States requests:

D.     That the Court enter judgment in favor of the United States and against Oscar Rivera for delinquent income taxes and statutory additions to tax for tax year 2011 to 2014 in the amount of $141,110 of June 18, 2018, together with all interest and statutory additions that have accrued and will continue accruing thereafter according to law.

## COUNT V: REDUCE TRUST FUND RECOVERY PENALTIES
## ASSESSED AGAINST OSCAR RIVERA TO JUDGMENT

28.     The United States incorporates the allegations set forth in paragraphs 1 through 27, above, as if fully set forth herein.

29.     At all times relevant to this suit, Defendant Oscar Rivera was a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service the federal income, Social Security, and Medicare taxes withheld from the wages of Mirplastic, LLC. He was one of two members of the company.   Rivera has admitted that he was responsible for making the financial decisions for the company.

30.     Rivera willfully failed to withhold, collect, and pay over the above-described federal taxes to the Internal Revenue Service.  Rivera chose to pay other creditors, including himself, rather than paying the funds that Mirplastic held in trust over to the United States.

31.     Under 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed against Rivera the trust fund recover penalty for the taxable periods and in the amounts listed below.   These trust fund recovery penalties represent the federal income, Social Security, and

- 7 -

Medicare taxes that were withheld from the wages of Mirplastic's employees that were not paid over to the United States.

| Tax Period | Date of Assessment | Amount Assessed | Balance as of June 18, 2018 |
|---|---|---|---|
| Sept. 30, 2012 | 7/21/2014 | $4,853 | $5,086 |
| Dec. 31, 2012 | 7/21/2014 | $5,192 | $5,982 |
| Mar. 31, 2013 | 7/21/2014 | $2,066 | $2,381 |
| June 30, 2013 | 7/21/2014 | $1,736 | $2,000 |
| Sept. 30, 2013 | 7/21/2014 | $1,686 | $1,942 |
| Dec. 31, 2013 | 7/21/2014 | $2,114 | $2,436 |
| | | **Total:** | **$19,827** |

32.     Notice and demand for payment of the income tax assessments described in paragraph 31, above, was given to Rivera.

33.     Interest and costs have accrued, and will continue to accrue, on the unpaid balance of the trust fund recovery penalties described in paragraph 31, above.

34.     Rivera has failed to pay the full amounts of the trust fund recovery penalties described in paragraph 31, above, and there remains due and owing to the United States the sum of $19,827, plus interests and costs accruing after that date according to law.

WHEREFORE, the United States requests:

D.     That the Court enter judgment in favor of the United States and against Oscar Rivera for the trust fund recovery penalties assessed against him for the periods ending on September 30, 2012, through December 31, 2013, with respect to the unpaid federal employment taxes of Defendant Mirplastic, LLC, in the amount of $19,827 as of June 18, 2018, together with all interest and costs that have accrued and will continue accruing thereafter according to law.

- 8 -

## COUNT VI: PERMANENT INJUNCTION AGAINST
## DEFENDANTS OSCAR RIVERA AND MIRPLASTICS

35.     The United States incorporates the allegations set forth in paragraphs 1 through 34, above, as if fully set forth herein.

36.     For various tax periods from 2012 to the present date, the Defendants have failed to comply with their federal tax obligations and have engaged in an activity known as "pyramiding," whereby a business repeatedly withholds taxes from its employees but fails to remit those taxes to the IRS as mandated by law.

37.     Such activity has been and continues to be a drain on the United States Treasury.

38.     As an employer, Defendants Mirplastic, LLC, and Mirplastics, LLC, have been subject to federal employment tax obligations imposed by the Internal Revenue Code, including the duties to:

a.  withhold, account for, and pay over an estimated amount of income tax for each employee from each paycheck;

b.  withhold, account for, and pay over the employee portion of the tax imposed upon wages by the Federal Insurance Contributions Act (FICA) from each employee's paycheck;

c.  pay the employer portion of the tax imposed upon employee wages by FICA;

d.  submit Employer's Quarterly Federal Tax Return (Form 941) to the United States, along with any withheld employee income tax, withheld employee FICA tax, and the employer FICA tax not already deposited on or before the legal due date (approximately 30 days after the close of each calendar quarter);

- 9 -

    e.   submit Employer's Annual Federal Unemployment Tax Return (Form 940) to the United States along with payment of tax as required by the Federal Unemployment Tax Act (FUTA); and

    f.   make federal tax deposits of a frequency required by the Internal Revenue Code and implementing regulations.

39.    The IRS has attempted to bring Mirplastics, and its predecessor, Mirplastic, into compliance with its federal payroll tax obligations and to collect past-due payroll taxes from the company, including by:

    a.   meeting in person with the companies about their payroll tax obligations;

    b.   recording Notices of Federal Tax Liens against the companies;

    c.   attempting to negotiate arrangements to collect the past due payroll taxes with the Defendants;

    d.   levying on Mirplastics's and Mirplastic's accounts;

    e.   assessing trust fund recovery penalties against Defendant Oscar Rivera for multiple periods described in paragraph 31, above, making him personally liable for the trust-fund portion of Mirplastic's unpaid employment taxes; and

    f.   hand-delivering an IRS Letter 903 and Notice 931 to Rivera on October 3, 2017. This letter and notice put him and Mirplastics on notice that if they continued to fail to comply with their tax obligations, then the IRS might pursue a suit for civil injunction.

40.    Taken together, Mirplastics and its predecessor have a seven-year history of failing to timely file federal employment (Form 941) and unemployment (Form 940) tax returns,

as well as failing to make the requisite tax payments of the liabilities due thereunder, which continues to this date.

41.     Absent a court order requiring Mirplastics and its officers to comply with the Internal Revenue Code, they will continue to incur additional liabilities with each passing quarter.   Through December 31, 2017, Mirplastics and its predecessor incurred a liability of $281,000.   Mirplastics has accrued an additional $25,000 in federal employment liabilities for the first and second quarters of 2018.   Given the Defendants' long history of noncompliance, it is clear that absent an injunction, they will continue to flout the Internal Revenue Code.

42.     An injunction against Mirplastics and Rivera (including through any other entity that they may conduct business), requiring them to comply with their federal payroll tax obligations is necessary and appropriate for several reasons, including:

    a.   traditional collection methods have not convinced Mirplastics or Rivera to stop pyramiding payroll tax liabilities;

    b.   anything other than an injunction will encourage Mirplastics and /or Rivera to continue pyramiding because it gives the corporation or any similar entity the Rivera may form an unfair advantage over its tax-paying competitors;

    c.   each new quarter without an injunction, Mirplastics and Rivera continue to fail to pay its employment taxes, which accrues and the United States will be unable to collect.   The unpaid employee income taxes, however, must nevertheless be credited to the employees (like Rivera) from whose wages the taxes are withheld. Similarly, the unpaid FICA taxes (withheld portion and employer's portion) must

- 11 -

be credited to the employees for purposes of eligibility for Social Security benefits. In effect, Mirplastics is stealing funds meant to be held in trust for the Government.

    d.    an injunction will not injure Mirplastics.   It will merely compel it to conduct business like every other tax-paying business in the United States.   Moreover, an injunction will protect the public's interest in fair competition by halting Mirplastics's illegal practices and leveling the playing field with its tax-compliant competitors.

WHEREFORE, the United States requests:

    E.    that the Court find that Defendants Mirplastics, LLC, and Oscar Rivera, have engaged and are engaging in conduct that interferes with the enforcement of the internal revenue laws;

    F.    that the Court find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Mirplastics and Rivera from interfering with the enforcement of the internal revenue laws;

    G.    that the Court enter an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that:

    i.    Mirplastics and Rivera shall cause Mirplastics and any other employer entity that they control to withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of the FICA tax;

    ii.    Mirplastics and Rivera shall cause Mirplastics and any other employer entity that they control to timely deposit withheld employee income tax, withheld employee

- 12 -

FICA tax, and employer FICA tax in an appropriate federal depository bank in accordance with federal deposit regulations;

iii. Mirplastics and Rivera shall cause Mirplastics and any other employer entity that they control to timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

iv. Rivera shall sign and deliver to a designated IRS revenue officer, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

v. Mirplastics and Rivera shall cause Mirplastics and any other employer entity that they control to timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Rivera shall provide a copy of each filed return to a designated IRS revenue officer in such manner as the IRS deems appropriate, within five days of filing;

vi. Mirplastics and Rivera shall cause Mirplastics and any other employer entity that they control to timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

vii. Mirplastics, Rivera, and any other employer entity they control are enjoined from paying other creditors of Mirplastics or from transferring, disbursing, or assigning any money, property, or assets of Mirplastics after the date of the injunction order until after such time as the required deposits described in paragraphs G-i and G-ii,

- 13 -

and any liabilities described in paragraph G-vi, have been paid in full, for any tax period ending after the injunction is issued;

    viii.   Mirplastics and Rivera are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Mirplastics employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

    ix.   Mirplastics and Rivera shall permit a representative from the Internal Revenue Service to inspect Mirplastics's books and records periodically with two days' notice of each inspection;

    x.   Rivera shall notify, in writing, such revenue officer as the IRS designates, if he intend to or do form, incorporate, own, or work in a managerial capacity for another business entity.    Regardless of such notification, the preceding subparagraphs of this paragraph G shall apply to any employer entity controlled by Rivera.

H.    That the Court require Mirplastics and Rivera to deliver to all of their current or future employees or to any other persons acting in active concert or participating with them, a copy of the Court's findings and injunction;

- 14 -

I.       That the Court retain jurisdiction over this case to ensure compliance with this

injunction, including authorizing the United States to take post-judgment discovery to ensure

compliance; and

J.       That the Court award the United States other and further relief, including the costs

of this action, as may be deemed just and proper under the circumstances.


Dated: September 21, 2018,

                                            RICHARD E. ZUCKERMAN
                                            Principal Deputy Assistant Attorney General
                                            Tax Division

                                            J. DOUGLAS OVERBY
                                            United States Attorney

                                            /s/    Ari D. Kunofsky
                                            ARI D. KUNOFSKY
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Washington, D.C.   20044
                                            Tel: (202) 353-9187
                                            Fax: (202) 514-6866
                                            Ari.D.Kunofsky@usdoj.gov

- 15 -

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America,

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari D. Kunofsky, US Department of Justice- Tax Division
555 4th St., Suite 6112; Washington, DC 20001
ph. (202) 353-9187

## DEFENDANTS

Mirplastic, LLC; Mirplastics, LLC; Oscar Rivera

County of Residence of First Listed Defendant    Knox
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                         *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7402
Brief description of cause:
Reduce Assessments to Judgment and Injunctive Relief

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
442,240.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
09/21/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ari D. Kunofsky

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

Case 3:18-cv-00402    Document 1-1    Filed 09/21/18    Page 1 of 2    PageID #: 16

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdiction be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | |
|---|---|
| United States of America,<br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>_____<br>Mirplastic, LLC, et al.,<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

          Mirplastic, LLC
          2734 Middlebrook Pike
          Knoxville, TN 37921

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Ari D. Kunofsky
                            US Department of Justice
                            PO Box 227
                            Washington, DC 20044

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

                                         _____
                                            *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

|  |  |
|---|---|
| United States of America, | ) |
|  | ) |
|  | ) |
|  | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
|  | ) |
|  | ) |
| Mirplastic, LLC, et al., | ) |
|  | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Oscar Rivera
> 11736 Ridgeland Dr.
> Knoxville, TN 37932

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Ari D. Kunofsky
US Department of Justice
PO Box 227
Washington, DC 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: